# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| MARISSA AREVALO, guardian and mother of R.M.R., a minor, | * * |
| | *   No. 15-406V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: November 30, 2018 |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *   Attorneys' Fees and Costs * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * | * |

Peter C. Beard, Springfield, IL, for Petitioner;
Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Marissa Arevalo, acting on behalf of her minor child R.M.R., brought a successful petition for compensation under the National Childhood Vaccine

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Compensation Program. She now seeks an award for attorneys' fees and costs. She is awarded $61,184.51.

\* \* \*

Represented by Mr. Peter Beard, Ms. Arevalo filed her petition for compensation on April 22, 2014. Ms. Arevalo alleged that the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine that R.M.R. received on May 10, 2012, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused R.M.R. to suffer an on-Table encephalopathy. A hearing on entitlement was held on February 23, 2016, and following post-hearing briefing, the undersigned issued a ruling on December 15, 2016, finding in favor of petitioner on the issue of entitlement. Thereafter, the parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. Decision, issued June 12, 2018.

On September 4, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting a total of $66,305.51 (representing $39,140.00 in attorneys' fees and $27,164.51 in attorneys' costs). Petitioner's Application for Attorneys' Fees and Costs ("Fees App.") at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Fees App Ex. 4 at 1.

On September 24, 2018, respondent filed his response to the petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, the respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Id. at 2-3. Petitioner did not file a reply.

This matter is now ripe for adjudication.

\* \* \*

Because Ms. Arevalo received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Ms. Arevalo's requested amount is reasonable.

2

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

  A. Reasonable Hourly Rates

Ms. Arevalo requests that her attorney, Mr. Peter Beard, be compensated at a flat rate of $200.00 per hour for all work performed from 2013-2018. Fees App. Ex. 1. Petitioner also warrants that Mr. Beard's associate, Mr. Grady Holley, assisted Mr. Beard on occasion in this matter, and requests that Mr. Holley also be compensated at $200.00 for his work irrespective of year. Id.

This appears to be the first (and presently only) case in the Vaccine Program for Mr. Beard and Mr. Holley. Thus, the matter of their rates of compensation is a matter of first impression. Mr. Beard has submitted an affidavit, indicating that he has been a licensed attorney since 1997, while Mr. Holley has been a licensed attorney since 1970. Fees App. Ex. 2 at 1-2. Both attorneys conduct their legal practice out of Springfield, Illinois, a legal market small enough that entitlement to forum rates would not automatically be presumed.

A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis exception applies, and that petitioner's counsel is paid according to the local rate. Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

Typically, such a situation would warrant a detailed analysis as to attorneys' fees awarded in Springfield, IL and similar legal forums, such as the United States District Court for the Central District of Illinois, followed by a comparison to in-forum rates. However, two factors make such analysis unnecessary in the instant case. First, petitioner does not request for her attorneys to be compensated at in-forum rates. Second, in the undersigned's experience, the rates requested for Mr. Beard and Mr. Holley would be reasonable irrespective of locale given number of years of legal experience for each attorney.

3

Accordingly, the undersigned finds that $200.00 per hour is a reasonable rate for the work of Mr. Beard and Mr. Holley, and no adjustment to this rate is necessary.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Upon review of the submitted billing statement, the undersigned finds the hours billed (211.6) to be largely reasonable. Although the case ultimately settled, reaching that point required a hearing on entitlement, as well as post-hearing briefing. However, some reduction to the overall hours billed must be made. Mr. Beard billed approximately 10 hours in total at the commencement of the case on familiarizing himself with the various elements of litigation in the Vaccine Program, such as research of relevant statutes, the Injury Table, petition requirements, Court of Federal Claims Rules, etc. Fees App. Ex. 1 at 1-7. Special masters have consistently ruled that attorneys, even those who have previously not worked on Vaccine Program cases, may not bill the Program for time spent

engaging in professional development relative to their inexperience with the Vaccine Program. Nash v. Sec'y of Health & Human Servs., No. 15-1587V, 2018 WL 2224885, at *4 (Fed. Cl. Spec. Mstr. Feb. 5, 2018); Matthews v. Sec'y of Health & Human Servs., No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Accordingly, the undersigned will disallow those hours spent on familiarization with the Vaccine Program, resulting in a reduction of $2,000.00.

A small reduction in fees is also necessary due to unclear billing concerning attorney travel. The billing records indicate that on February 12, 2016, Mr. Beard billed 6.0 hours on "To Peoria for meeting with Client." Fees App. ex. 1 at 11. Subsequently, on February 22, 2016, Mr. Beard billed 1.5 hours on "Went to Peoria" which was necessary in order to participate in video-conferencing for the entitlement hearing. Id. No entries were billed concerning traveling back from Peoria to Springfield after the client meeting and entitlement hearing. Google Maps reveals that Springfield and Peoria are approximately 75 miles apart, making 1.5 hours one way a reasonable amount of time spent on travel. The undersigned can thus assume that a total of 6.0 hours billed for travel to and from Peoria twice is reasonable.

Additionally, counsel has billed this time at his full rate of $200.00 per hour. However, travel time in the Vaccine Program is consistently compensated at one-half of an attorney's given rate absent some sort of evidence that the attorney was engaged in case work while traveling. Ward v. Sec'y of Health & Human Servs., No. 16–635V, 2017 WL 6276143 (Fed. Cl. Spec. Mstr. Apr. 20, 2017; J.L.D. v. Sec'y of Health & Human Servs., No. 15–716V, 2017 WL 563189, at *4 (Fed. Cl. Spec. Mstr. Jan. 18, 2017); May v. Sec'y of Health & Human Servs., No. 12–712V, 2016 WL 7664474, at *4 (Fed. Cl. Spec. Mstr. Dec. 15, 2016); Rowden v. Sec'y of Health & Human Servs., No. 14–400V, 2016 WL 7785616, at *4 (Fed. Cl. Spec. Mstr. Dec. 2, 2016).

Given that Mr. Beard presumably drove from Springfield to Peoria on each occasion, it is unlikely that he was engaged in any work on the case during this time. Thus, the undersigned will only compensate this time at one-half of Mr. Beard's typical rate. In sum, this reduction in overall travel hours and rate of compensation for travel results in a total reduction of $900.00.

Accordingly, petitioner is entitled to an overall award of attorneys' fees in the amount of $36,240.00.

### C. Costs Incurred

The fees application also asks for reimbursement in the amount of $27,164.51 in for costs incurred by counsel's firm. Fees App. Ex. 2 at 3. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

The vast majority of this amount ($22,832.88) is for preparation of a life care plan by Life Care Consultants, Inc. which has been split into $3,000.00 as a retainer fee and $19,832.88 for the balance of services performed over a total of 196.00 hours. Given the voluminous amount of medical records and the overall complexity of this case, I find the amount billed to generally be reasonable, as Life Care Consultants, Inc. spent approximately one year in creating a life care plan for petitioner.

The one exception is for travel time billed by Ms. Terry Arnold, with which there are several issues. First, travel time was billed at full rate rather than one-half of Ms. Arnold's rate of $185.00 per hour. As with attorneys, the Vaccine Program will only compensate experts for their travel time at one-half of their standard rate absent proof of how much time was devoted to working while traveling. A.P. v. Sec'y of Health & Human Servs., No. 14-894V, 2018 WL 3991358, at *3 (Fed. Cl. Spec. Mstr. July 17, 2018).

Second, the amount of overall time billed for travel from Houston, Texas, to Peoria, Illinois appears to be excessive. Ms. Arnold billed 18.5 hours total in travel time (9.0 from Houston to Peoria and 9.5 from Peoria back to Houston). Fees App. Ex. 3 at 63-64. However, her submitted itinerary indicates that each flight took approximately 4.5 hours, inclusive of layover in Dallas, Texas. Id. at 77-78. Furthermore, Ms. Arnold billed only 0.5 hours each to travel to petitioner's home and to return to the airport, indicating that she did not spend multiple hours driving to reach petitioner. Id. at 63. Indeed, Ms. Arnold's rental car records indicate that she drove a total of 35 miles while in Illinois. Id. at 76.

In sum, the undersigned will only compensate Ms. Arnold for 6.5 hours of travel each way – this is a fair estimate of the time she spent not only on an airplane and traveling to and from petitioner's house, but also for arriving to the airport early and driving home in Houston. Furthermore, Ms. Arnold will only be compensated at $92.50 per hour for this time. Accordingly, the award of attorneys' costs must be reduced by $2,220.00.

6

The remainder of the costs are routine expenses commonly incurred in Vaccine Program litigation, such as payment for medical records, hearing transcripts, the Court's filing fee, and postage. Petitioner has provided adequate documentation of all these costs, and they shall be reimbursed in full.

Accordingly, Petitioner is awarded $24,911.51 in attorneys' costs.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$61,184.51** (representing $36,240.00 in attorneys' fees and $24,911.51 in costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Mr. Peter C. Beard, Esq.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

                                                                                        s/Christian J. Moran
                                                                                        Christian J. Moran
                                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.